### NATIONAL CASH-REGISTER CO. et al. v. LAMSON CONSOLIDATED STORE-SERVICE CO.

(Circuit Court, D. New Jersey. February 9, 1894.)

**1. PATENTS—INTERFERENCE—PRIORITY—CASH REGISTERS.**

Charles A. Juengst invented an improvement in cash registers, consisting in the combination with the registering keys of a key coupler adapted to couple the displaced keys together during their registering motion, and an arrester for compelling the displaced keys to make a complete stroke before returning to their normal position. In 1886, Juengst constructed and operated, with entire practical success, a machine embodying the improvements. This machine, however, lacked a casing and cash drawer, and was never brought to a finished state, so as to be fit for use as a cash register in ordinary business. *Held,* that the machine contained the inventions in a completed form, and amounted to a reduction thereof to practice.

**2. SAME.**

The Juengst patent, No. 499,294, for an improvement in cash registers and indicators, *held* to be entitled to priority over the earlier patents to Lord and Boyer, numbered, respectively, 398,898 and 416,029.

This is a suit brought under Rev. St. § 4918, by the National Cash-Register Company and Charles Edgar Lord, against the Lamson Consolidated Store-Service Company, in respect to certain interfering patents for improvements in cash registers and indicators.

Edward Rector and Melville Church, for complainants.

Gilman & Rusk, M. B. Philipp, and Keasbey & Sons, for defendant.

ACHESON, Circuit Judge. This suit is brought under section 4918 of the Revised Statutes of the United States, relating to interfering patents. The plaintiffs are the owners of two letters patent, namely, No. 398,898, dated March 5, 1889, granted to Charles Edgar Lord on an application filed October 11, 1888, and No. 416,029, dated November 26, 1889, granted to Israel Donald Boyer on an application filed July 8, 1889. The defendant is the owner of letters patent No. 499,294, dated June 13, 1893, granted to Charles A. Juengst on an application filed September 24, 1890. The inventions in controversy relate to, and are improvements in, machines known as "cash registers and indicators," and consist in the combination with the registering keys of such a machine of a key coupler adapted to couple the displaced keys together during their registering motion, and an arrester for compelling the displaced keys to make a complete stroke before returning to their normal position. The improvements are capable of conjoint use, and are covered, on the one hand, by the Lord and Boyer patents, and on the other by the Juengst patent. In the patent office there were interference proceedings between Juengst and Lord, and between

Juengst and Boyer, resulting, in each case, in a decision by the commissioner of patents awarding priority of invention to Juengst; and, a patent having been issued him, this bill was filed to avoid the same.

The dates of filing the applications by Lord and Boyer, namely, October 11, 1888, and July 8, 1889, are to be accepted as the dates of their respective inventions, no evidence having been given to establish earlier dates therefor. The invention by Juengst is alleged to have been made in the year 1886, and embodied in a machine (Juengst Exhibit No. 2) put in evidence by the defendant. That this exhibit is the original machine made by Charles A. Juengst, that it was constructed by him in its present form in the summer of 1886, at the works of Juengst & Sons at Croton Falls, in the state of New York, and that it fully illustrates the improvements in controversy, are matters not seriously contested, and indeed, under the evidence, are not open to doubt. The case, then, seems to turn upon the question whether this machine was a reduction to practice of the inventions, or an abandoned experiment. The Juengst Exhibit No. 2 lacks a casing and a cash drawer, but it has all the other necessary parts of a cash register. It is a full-sized working machine, of permanent structure, and made of the usual materials. As respects the keys, the key coupler and arrester, its mechanism is complete and practically operative, and undoubtedly contains the inventions involved in this suit. A number of credible witnesses testify that in the summer of 1886 this mechanism was operated with entire practical success in their presence. It fully accomplished the purposes for which it was intended, and its mode of operation and utility were understood by those persons, some of whom were practical machinists. It is true that the machine was never brought into such a perfectly finished state as to be fit for employment as a cash register for ordinary business purposes, and its registering and indicating devices are defective, and seem always to have been so. But the test of perfected invention here is not whether the various distinct mechanisms entering into Juengst's machine all worked with practical success. In themselves, cash registers and indicators were old, and were in common use. The inventions in question were only improvements upon such machines, —additions thereto designed to give them increased efficiency. The mechanism in which Juengst embodied his inventions was amply sufficient to demonstrate the practical success thereof. This it actually did, to the satisfaction of those to whom it was exhibited. To apply to the old machines the improvements which Juengst thus devised, put in operative form and disclosed, required only common mechanical skill. Upon the proofs and under the authorities, I am entirely satisfied that what Juengst did in 1886 was a reduction to practice of the inventions in controversy, and that his machine then built and operated, since preserved in its original shape, and now produced in evidence, contains the inventions in a completed and practical form. Curt. Pat. § 87a; Reed v. Cutter, 1 Story, 590, Fed. Cas. No. 11,645; Coffin v. Ogden, 18 Wall. 120; Pickering v. McCullough, 104 U. S. 310, 319. I am therefore of

the opinion that letters patent for the same were rightly granted to Charles A. Juengst, assignor to the defendant company.

Let a decree be drawn in accordance with this opinion.